UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60217-BLOOM/Valle

CENTERIA GEORGE,

    Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

    Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** is before the Court upon Plaintiff Centeria George ("Named Plaintiff") and Defendant Humana Health Insurance Company of Florida, Inc.'s ("Defendant") (together, "Parties") Joint Motion, ECF No. [34], seeking: (1) preliminary approval of the Settlement Agreement between Named Plaintiff, the putative class, and Defendants; (2) preliminarily certifying a class for settlement purposes; (3) approving the form and manner of notice to the class; and, finally (4) scheduling a fairness hearing for the final consideration and approval of the Parties' settlement. The Court has considered the Joint Motion, proposed settlement agreement, and the entire record of this case. Accordingly, the Motion is granted as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed settlement agreement, and all terms used herein shall have the same meaning as set forth in those filings.

    2.    <u>Preliminary Approval of Proposed Settlement</u>. The Parties' Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court

preliminarily finds that the Agreement resulted from extensive arm's length negotiations, and is sufficient to warrant notice of the Settlement to persons in the Settlement Classes and a full hearing on the approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only</u>. The parties seek certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the court conditionally certifies, for settlement purposes only, the following Settlement Class:

> <u>Improper Disclosure Class</u>: All applicants for employment with and employees of Defendant who executed a Background Investigation and Disclosure Authorization form two years preceding the filing of the original complaint, which is the time period December 13, 2014 through April 30, 2017.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

A. The Settlement Class of approximately 464 members appears to be so numerous that joinder of all members is impracticable;

B. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

D. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

   F. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

  4. <u>Class Counsel</u>.  Based on the considerations in Rule 23(g), the Court appoints Brandon J. Hill and Luis A. Cabassa and of Wenzel Fenton Cabassa, P.A. as Class Counsel for the Settlement Class.

  5. <u>Class Representative</u>.  Based on the findings above, the Court appoints Plaintiff Centeria George as Class Representative for the Settlement Class.

  6. <u>Class Notice</u>.  The parties' Class Notices, including both the short and long form notices, are approved for distribution in accordance with the schedule included in the Settlement Agreement.

  7. <u>Initial Motion for Fees and Expenses</u>.  Pursuant to Rule 23(h), Class Counsel is directed to file their motion for attorney fees and expenses within ten days after the mailing of the Class Notice.

  8. <u>Opt-Outs and Objections</u>.  Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement.

  9. <u>Final Approval Hearing</u>.  A Final Approval Hearing is set for **Monday, November 13, 2017 at 9:00 a.m., at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33130, in Courtroom 10-2**.

  10. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement except as expressly stated therein.

Case No. 17-cv-60217-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 15th day of August, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record