**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-60217-BLOOM/Valle**

CENTERIA GEORGE,

    Plaintiff,

v.

HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC.,

    Defendant.

_____/

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Final Approval of Class Action Settlement, ECF No. [42] and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs, and a Class Representative Award, ECF No [39] (the "Motions"). The parties appeared for a Final Approval Hearing on November 13, 2017, ECF No. [44] ("Final Approval Hearing"). The Court has considered the Motions and the documents in support thereof, the Settlement Agreement (the "Agreement"), any objections and comments received regarding the proposed settlement (none were made), the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and is otherwise fully advised in the premises. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed settlement agreement, and all terms used herein shall have the same meaning as set forth in those filings.

    2.    <u>Final Approval of Settlement</u>. The Joint Motion for Final Approval of Class Action Settlement, **ECF No. [42]**, is **GRANTED.** The Court adopts and approves the

Case No. 17-cv-60217-BLOOM/Valle

Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the law, and in the best interest of the parties and the Settlement Class.  The Court finds that the Parties dispute the merits of the claims and the appropriateness for trying the claims on a class basis.  The Action involves complex issues of fact and law and the settlement terms reflect the inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Federal Rule of Civil Procedure 23.  Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Agreement.

3. Notice.  The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully complied with the requirements of due process and of all applicable statutes and laws.

4. Final Class Certification. The parties seek final certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Pursuant to Rule 23(c), the Court finally certifies, for settlement purposes only, the following Settlement Class[1]:

> Class Definition: Defendant's records indicate you are a member of the class. The class of which you are a member is defined as follows: "All of Defendant's employees or prospective employees in the United States who were the subject of a consumer report procured by Defendant from December 13, 2013 through April 30, 2017."

In connection with this final certification, the Court makes the following final findings:

  a. The Settlement Class of 465[2] members is so numerous that joinder of all members is impracticable;

---

[1] The Court notes that counsel for Plaintiff represented at the Final Approval Hearing that no class members have opted out of the settlement.

    b. There are questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    c. Plaintiff's claims are typical of the claims being resolved through the proposed settlement;

    d. Plaintiff is capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    e. Common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

    f. Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5. <u>Class Counsel</u>. Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A. will continue to serve as Class Counsel for the Settlement Class.

6. <u>Class Representative</u>. Named Plaintiff, Centeria George, will continue to serve as Class Representative for the Settlement Class.

7. <u>Settlement Consideration</u>. Defendant and Plaintiff are ordered to comply with the terms and conditions contained in the Settlement Agreement, which is incorporated by reference herein.

8. <u>Applicability</u>. The provisions of this order ("Final Order") are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendants' successors and assigns). All persons who are included

---

[2] Counsel for Plaintiff clarified at the Final Approval Hearing that the correct number of class members is 465, not 464 as originally noted in the parties' preliminary request to approve the settlement class. *See* ECF No. [35] at 2.

within the definition of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Order and by the Settlement Agreement.

9. <u>Release</u>.  As of the Effective Date, the Settlement Class members, including Plaintiff (collectively, the "Releasing Parties"), but excluding those individuals who asked to be excluded from the Settlement, release Defendant and its U.S. affiliates, parents, and subsidiaries ("Released Parties"), from the "Released Claims." The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the claims in the case shall be dismissed with prejudice. The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

10. <u>Exclusions</u>.  The Settlement Administrator has no requests for exclusion.

11. <u>Fees, Costs, Payment to Administrator</u>.  Plaintiff's Unopposed Motion for Attorneys' Fees and Costs, and a Class Representative Incentive Award, **ECF No. [39]**, is **GRANTED**.  Plaintiff's counsel is awarded a fee of $29,800. The named Plaintiff, Centeria George, is awarded an incentive award of $8,000.  Additionally, the settlement administrator will receive $5,000 for all work performed in this case (which has already been paid by Defendant).

12. <u>Final Order</u>.  The Court orders that this Final Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.

13. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant.  Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement except as expressly stated therein.

Case No. 17-cv-60217-BLOOM/Valle

14. Dismissal. The above-styled case is **DISMISSED WITH PREJUDICE** without costs to any party, except as expressly provided for in the Settlement Agreement.

15. Pending Motions and Deadlines. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**.

16. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record